# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY EDDINGTON,**

        **Plaintiff,**

**v.**                                                  **Civil Action No. 2:11cv25**
                                                            **(Judge Bailey)**

**H. BOYLES, HSA, et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on March 29, 2011, by filing a civil rights complaint and a motion for leave to proceed as a pauper. In the complaint, the plaintiff sets forth a litany of allegations regarding his medical care at USP Hazelton, where he was transferred on November 8, 2010. Included in his complaint are allegations that he has been admitted to Ruby Memorial Hospital and Monongalia General Hospital on five occasions because of his chronic asthma and dangerously high blood pressure. Moreover, the plaintiff alleges that these admissions resulted from his being denied and/or delayed his nebulizer breathing treatments. The plaintiff also maintains that he is being denied pain medications for chronic abdominal pain resulting from thirteen surgeries and appears to claim that he is being denied a c-pap machine. In addition, the plaintiff alleges that he is being denied access to the grievance procedure, access to the courts, legal phone calls, contact with his family, and recreation time outside of his cell. The plaintiff also maintains that he is being housed in unsanitary conditions . Finally, the plaintiff alleges that he only is allowed to shower every 11 to 12 days.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following

subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

While incarcerated, the plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. See e.g., Eddington v. Anderson, et al., Civil Action No. 6:10-cv-03425-GAF (Western District of Missouri); Eddington v. U.S. Marshall Service, et al., Civil Action No. 8:10-cv-01108-RBH (District Court of South Carolina); Eddington v. Bharti, Civil Action No. 5:10-cv-00050-FPS (Northern District of WV).[1] Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

With respect to the plaintiff's allegations regarding the conditions of his confinement, the undersigned notes that the plaintiff is no longer assigned to USP Hazelton, and was, in fact, transferred to USP Coleman I less than one month after he initiated this action and before he had fully complied with the Notice of Deficient Pleading. Therefore, no current risk[2] is attributable to

---

[1]The undersigned notes that in completing his complaint, the plaintiff indicated that he had not begun any other lawsuits in state or federal court dealing with these same facts or **otherwise related to his imprisonment**. Had the plaintiff answered this question truthfully, the undersigned would have made a search on PACER and discovered the three strikes at a much earlier date.

[2]The undersigned makes no finding that the conditions alleged posed a risk of imminent danger of serious physical injury.

any of the allegations contained in his complaint.

For the foregoing reasons, the plaintiff's Motions for Leave to Proceed In Forma Pauperis (dckt. 2 and 6) should be **DENIED** and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915.  The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status.  He must pay the filing fee at the time he initiates the suit."). .

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to the Warden of USP Coleman I for appropriate delivery to the plaintiff if he remains confined

in an outside hospital.³

      DATED: 7-11-2011

                                                          */s/ David J. Joel*
                                                          DAVID J. JOEL
                                                          UNITED STATES MAGISTRATE JUDGE

---

³On June 27, 2011, the Court received a pleading from the plaintiff that he was currently confined to a hospital and had been since May 11, 2011. Moreover, the plaintiff alleged that his Unit Manager will not bring him his legal mail as required by BOP regulations. While the undersigned has no opinion as to the veracity of the plaintiff's allegation, out of an abundance of caution, he believes that a copy of this Report and Recommendation should be sent to the Warden so as to ensure delivery to the plaintiff if he is still in a hospital on the date this is delivered to USP Coleman I.